■ In the Matter of LINDA P.J., Appellant, v GARY S.J., Respondent. [818 NYS2d 26]—

Order, Family Court, New York County (Gloria Sosa-Lintner, J.), entered on or about January 10, 2005, which dismissed the

petition pursuant to article 4 of the Family Court Act to enforce the $3,500 monthly spousal maintenance provision of the parties' divorce judgment, unanimously reversed, on the law, without costs, the order vacated and the matter remanded for a new hearing on the issue of respondent's spousal maintenance arrears and the amount, if any, owed by respondent for the children's health insurance and unreimbursed medical expenses.

Whatever confusion there may have been as to what relief the pro se petitioner was seeking, and whatever the $3,500 in monthly maintenance was used for or what the parties believed the $3,500 constituted, the parties' stipulation (which survived but was not merged in the divorce judgment) and the judgment clearly define it as spousal maintenance, and petitioner is entitled to seek enforcement of that provision. The support magistrate erroneously dismissed the petition for "failure of proof" even though petitioner gave sworn testimony that respondent had not paid her any maintenance since January 2000 and submitted a copy of the last check she received from him, dated December 8, 1999, and respondent admitted that he was fully aware of his obligation to pay spousal maintenance. Moreover, because of the support magistrate's precipitous dismissal, respondent was not afforded the opportunity to present evidence of his claims of dire financial circumstances rebutting petitioner's prima facie showing of willful violation of the divorce judgment, or to establish good cause for his failure to apply for relief from the judgment (see Domestic Relations Law § 244).

Accordingly, the matter is remanded for a hearing on the issue of spousal maintenance arrears to afford respondent such opportunity, at which hearing petitioner should also be given the opportunity to prove the amount, if any, owed by respondent for the children's health insurance and unreimbursed medical expenses. An award of counsel fees pursuant to Family Court Act § 454 (3), if any, must wait the outcome of the hearing. Concur—Andrias, J.P., Friedman, Gonzalez and Catterson, JJ.